E-FILED
Wednesday, 22 February, 2012  10:00:49 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| NICKOLAS GARCIA,<br>    Plaintiff,<br><br>    v.<br><br>WESTERN CORRECTIONAL CENTER, DIRECTOR OF IDOC, JAMES SLEDGE, STATE OF ILLINOIS, IDOC DIETARY SERVICES ADMINISTRATOR, WARDEN, RICHARD YOUNG, JACKIE MILLER, MELODY FORD, DEBRA FUQUA, LT. ASHCRAFT, OFFICER JENNINGS, COUNSELOR GOINS, WEXFORD HEALTH SERVICES, DENNIS LARSON, DR. BAKER, and NURSE PRACTITIONER<br><br>    Defendants. | 11-CV-3420 |

## **OPINION**

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and currently incarcerated in Western Illinois Correctional Center, pursues claims arising from alleged excessive soy in the prison diet. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

1

**LEGAL STANDARD**

The Court is required by § 1915A to review a Complaint filed by a prisoner against a governmental entity or officer and, through such process, to identify cognizable claims, dismissing any claim that is "frivolous, malicious, or fails to state a claim upon which relief may be granted." A hearing is held if necessary to assist the Court in this review, but, in this case, the Court concludes that no hearing is necessary. The Complaint and its attachments are clear enough on their own for this Court to perform its merit review of Plaintiff's Complaint.

The review standard under § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6). Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000). To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted). The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id., *quoting* Bell Atlantic, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), *citing* Bell Atlantic, 550 U.S. at 555-56. However, pro se pleadings are liberally construed when applying this standard. Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## ALLEGATIONS

Plaintiff alleges that the Illinois Department of Corrections serves an excessive amount of soy to inmates, presenting a substantial risk of serious harm to Plaintiff's current and future health. Plaintiff has allegedly experienced constipation, blood in his bowel movements, stomach pain, nausea, and vomiting, all caused by the excessive soy. Plaintiff's grievances seeking a soy-free diet have been denied for the stated reason that, "[a]ccording to the Agency Medical Director, current extensive medical literature does not support the claim that soy diets cause significant medical problems and certainly not at the concentrations it is being served in the IDOC." (d/e 6-5, p. 1).

## ANALYSIS

The Court cannot rule out a possible Eighth Amendment claim for deliberate indifference arising from the alleged excessive soy in the prison diet. Plaintiff's

allegations give rise to a plausible inference that the soy is causing him to currently suffer painful and possibly serious symptoms, and that the soy possibly presents a serious risk of harm to his future health.

The Court is aware that many prisoners have filed claims in this District and other Districts in this Circuit seeking a soy-free diet. The Court is not aware of any of those cases ending in the prisoners' favor. *See, e.g.,* <u>Conley v. Keys</u>, 2011 WL 3819437 (C.D. Ill., Judge Shadid)(granting summary judgment for defendants on plaintiff's soy claim)(not reported in F.Supp.2d). However, at this point, the Court accepts Plaintiff's allegations as true. Plaintiff should be aware that if he loses this case, costs may be assessed against him pursuant to Fed. R. Civ. P. 54(d), even though he is proceeding in forma pauperis. <u>McGill v. Faulkner</u>, 18 F.3d 456, 458 (7th Cir. 1994)("[T]he rule that indigent prisoners, like anybody else, may be required to reimburse costs others have expended defending the prisoners' unsuccessful suits serves the valuable purposes of discouraging unmeritorious claims and treating all unsuccessful litigants alike.").

This claim will proceed only against the following Defendants with plausible control over the IDOC's master menu or control over whether Plaintiff should be medically prescribed a soy-free diet: the IDOC Director ; the IDOC Agency Medical Director; James Sledge; the IDOC Food Services Administrator;

Wexford Health Services, Inc.; Dennis Larson; and, Dr. Baker. No inference of personal responsibility plausibly arises against the remaining Defendants, who lack the expertise and authority to evaluate the soy claims or to determine whether Plaintiff has a medical need for a soy-free diet.[1] Additionally, the State of Illinois and Western Illinois Correctional Center will be dismissed as redundant, since Plaintiff is already suing Defendants in their official capacities.

IT IS THEREFORE ORDERED:

1) The merit review scheduled for February 27, 2012, is cancelled. The clerk is directed to vacate the writ and to notify Plaintiff's prison of the cancellation.

2) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states Eighth Amendment claims arising from the alleged excessive soy in the prison diet.

3) The clerk is directed to substitute IDOC Director Godinez for Defendant John Doe #1.

4) The clerk is directed to add Dr. Louis Shicker as a Defendant.

5) The claim identified in paragraph two above proceeds against the

---

[1] Plaintiff names Defendants working at Cook County Jail as well as the IDOC. However, Cook County Jail is not run by the State, so no plausible inference arises that Cook County Jail follows the IDOC's master menu. Additionally, no plausible inference arises that Plaintiff attempted to seek a soy-free diet during his detention at the Jail.

following Defendants in their individual and official capacities: Godinez, Shicker, Sledge, John Doe #2 (IDOC Dietary Services Administrator), Wexford Health Services, Dennis Larson, and Dr. Baker.

6) The Defendants not listed in paragraph five above are dismissed.

7) Any claims not identified in paragraph two above shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

8) Pursuant to the Court's internal procedures, the Clerk is directed to send the following to each Defendant, except for the unidentified "John Doe # 2": 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and, 4) this order.

9) Unidentified "John Doe # 2" cannot be served without a name and work address. Plaintiff is responsible for providing the name and work address for John Doe #2 (the IDOC food/dietary administrator). If Plaintiff is unable to discover the name and work address at this time, he should file discovery requests on the other Defendants once they have appeared through counsel. Failure to timely identify John Doe #2 will result in that Defendant's dismissal, without prejudice.

10) If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to

effect formal service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effecting service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

12) Defendants shall file an <u>answer</u> within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

13) Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

14) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

15) This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on April 30, 2012, at 11:00 a.m. (or as soon as the Court can reach the case) before U. S. District Judge Sue E. Myerscough, by video conference. The Clerk is directed to give Plaintiff's place of confinement notice of the date and time of the conference, and to issue the appropriate process to secure the Plaintiff's presence at the conference.

16) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the depositions.

17) Plaintiff shall immediately notify the Court of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

18) The Clerk is to notify the parties of their option to consent to disposition of this case before a United States Magistrate Judge by providing Plaintiff with a magistrate consent form. Upon receipt of a signed consent from Plaintiff, the Clerk shall forward the consent to Defendants for consideration.

ENTERED: February 22, 2012

FOR THE COURT:

                                    **s/Sue E. Myerscough**
                                    SUE E. MYERSCOUGH
                            UNITED STATES DISTRICT JUDGE